UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. CR00-0496-01 MHP

UNITED STATES OF AMERICA,

      Plaintiff(s),

  vs.

MINH QUANG DIEP,

      Defendant(s).

_____/

**ORDER DENYING
MOTION TO
REDUCE SENTENCE**

     Defendant moves to reduce his sentence pursuant to 18 U.S.C. section 3852(c)(2).  Without regard to the procedural propriety of defendant's motion, the court, having reviewed the record herein, determines that the motion is without merit.  Defendant appears to make essentially two arguments.  Firstly, he argues that the court should give retroactive effect to Amendment 599 to the United States Sentencing Guidelines ("USSG") which, he believes, would have the result of reducing his sentence since Amendment 599 instructs that in a case involving an enhancement under 18 U.S.C. 924(c), as charged in Count Two herein, a specific offense characteristic for "use" of a firearm should not be employed in calculating the underlying offense.  Because, defendant argues, he is entitled by reason of section 3582(c)(2) to retroactive application of the Amendment his sentence should be recalculated to reflect this Amendment.

     There are two problems with defendant's argument.  Defendant pled guilty to two armed bank robberies involving use of a firearm as charged in Counts One and Four of the Superseding Information.  Count Two, the section 924(c) charge, was an enhancement to Count One.  The record

United States District Court
For the Northern District of California

reflects that no specific offense characteristic for firearm use was added to Count One.  Count Four, the other armed robbery count, does add a specific offense characteristic for firearm use, but there is no section 924(c)  related to Count Four.  Therefore, the 924(c) issue that Amendment 599 addresses does not exist.  Furthermore, Amendment 599 became effective November 1, 2000.  It was in effect when the Superseding Information was filed on November 14, 2001; it was in effect when defendant pled guilty on November 21, 2001;  and it was in effect when he was sentenced on April 26, 2002.  There is no retroactivity issue here and, indeed, the instructions of Amendment 599 were followed in imposing defendant's sentence.

Secondly, defendant appears to argue that subsequent case law has suggested a change in the meaning of the term "use of a firearm" that works to his advantage.  He cites the Supreme Court's recent decision in United States v. Watson, ___U.S. ___, 128 S. Ct. 579 (2007).  The facts in that case are totally inapposite to those in the case at bar.  In Watson the question was whether a defendant who traded his guns for drugs in a drug transaction "used" the gun as that term is employed in the statute and guideline.  The Court found in the negative.  That case is a far cry from the facts here which involve two separate armed bank robberies where in each a loaded firearm was not only brandished, but pointed, at the teller or tellers.   Defendant Diep was charged with using a firearm in each robbery and admitted to facts that amount to use when he entered his plea.

For the foregoing reasons, defendant's motion to reduce his sentence is DENIED on all grounds.


IT IS SO ORDERED.


Date: February 12, 2009

_____
MARILYN HALL PATEL
Judge
United States District Court
Northern District of California

2